[L. A. No. 78.    Department One.—July 24, 1896.]

S. BACHMAN, APPELLANT, *v.* FRANK CATHRY ET AL., RESPONDENTS.

CHANGE OF PLACE OF TRIAL—FICTITIOUS NAMES OF DEFENDANTS—SERVICE OF ALIAS SUMMONS UPON RESIDENT AFTER DEMAND—FAILURE TO AMEND—HEARSAY AFFIDAVITS.—Where one defendant was sued by his true name, and two others by fictitious names, and the original summons was returned served only upon the former, who appeared and demanded a change of the place of trial, on an affidavit stating that he and the other defendants were residents of another county, such demand cannot be defeated by the subsequent return of an *alias* summons stating that one of the defendants sued by a fictitious name was served by his true name, and that he was a resident of the county in which the

action was brought, nor by the hearsay affidavits of third persons to the same effect, in the absence of an amendment of the complaint describing him as a defendant under his true name, substituted for the fictitious name under which he was sued, and in the absence of any affidavit or showing from the plaintiff himself as to the person intended to be sued by such fictitious name.

ID.—WHEN FICTITIOUS NAME MAY BE USED—NECESSITY FOR SUBSTITU-TION.—A defendant can only be sued by a fictitious name when the plaintiff is ignorant of his name; and until substitution is made of the true name of a defendant served with summons under a fictitious name, the rights of other parties to the action will not be affected by such service nor by his appearance in the suit.

ID.—USE OF FICTITIOUS NAMES—CHARGE OF CONVERSION—PRESUMPTION AS TO DEFENDANT'S KNOWLEDGE OF ASSOCIATES.—Where a defendant sued by his true name, and other codefendants sued by fictitious names are charged jointly with the conversion of plaintiff's property, the court, in the absence of any counter-showing from the plaintiff, may presume that the defendant sued, and served by his true name, knows who were his associates and the place of their residence.

APPEAL from an order of the Superior Court of Kern County changing the place of trial. A. R. CONKLIN, Judge.

The facts are stated in the opinion of the court.

*T. M. McNamara*, for Appellant.

*Walter A. Lamar*, for Respondent Cathry.

HARRISON, J.—Appeal from an order changing the place of trial.

The action was brought in Kern county against Frank Cathry, John Doe, and Richard Roe, and the plaintiff alleges in the complaint that he " is ignorant of the true names of the defendants sued herein under the fictitious names of John Doe and Richard Roe, and asks that when their true names are discovered this complaint may be amended by inserting the same in lieu of said fictitious names." The summons was served upon the defendant Cathry in the county of Inyo, February 28, 1895, and returned to the clerk's office on the 11th of March. March 9th Cathry gave notice of a motion to change the place of trial to the county of Inyo, upon the ground that at the commencement of the action all

of the defendants named in the complaint were residents of said Inyo county, accompanying this notice with his affidavit that at the commencement of the action, and for more than twelve months prior thereto, he and each of his codefendants were *bona fide* residents of the county of Inyo. After this notice was given, an *alias* summons was issued upon the complaint, and on the 13th of March, 1895, was returned with an affidavit indorsed thereon that the same was served by the affiant on the 12th of March, on "Jean Brun, a then resident of the said county of Kern, and one of the defendants in the above-entitled action, sued therein under the name of John Doe." March 13th a demurrer to the complaint was filed in the action on behalf of said Brun. Upon the hearing of the motion, in addition to the complaint and the foregoing affidavits, there was presented an affidavit by the attorney for the plaintiff, that "it appears from the affidavit of service of summons" that the defendant sued as John Doe is a resident of Kern county, and that "all the defendants in said cause are not residents of the county of Inyo." The motion was heard and submitted April 1st, and on the 3d of April counsel for plaintiff requested leave to file affidavits of S. Heineman and Albert Lederer, to which "the court stated that he could file anything he wanted to, but that the motion had been heard and submitted, and thereupon said affidavits were filed in said cause, but not submitted to or considered by the court in determining said motion." In each of these affidavits it is stated that "Jean Brun, one of the defendants in the above-entitled action, sued as John Doe, has been for more than six months continuously last past a *bona fide* resident of the county of Kern." No amendment of the complaint was made, nor was Jean Brun made a defendant by having his name substituted in the complaint for that of John Doe. April 8th the court made an order granting the motion, from which this appeal is taken.

Section 474 of the Code of Civil Procedure provides:

"When the plaintiff is ignorant of the name of a defend-·
ant, he must state that fact in the complaint, and such
defendant may be designated in any pleading or pro-
ceeding by any name, and, when his true name is dis-
covered, the pleading or proceeding must be amended
accordingly." In *McKinlay* v. *Tuttle*, 42 Cal. 570, it was
held that, unless such amendment is made, a judgment
against individuals served under fictitious names cannot
be sustained; that, though they appear and answer the
complaint, their answer does not waive an amendment
of the complaint describing them by their true names.
In *Rosencrantz* v. *Rogers*, 40 Cal. 489, service had been
made upon persons claimed to be sued under fictitious
names, and an order setting aside the service was af-
firmed, upon the ground, among others, that the plain-
tiff did not, in response to the motion, offer to have
their names inserted as defendants. Under the princi-
ples of these decisions the court, in considering the
action of Cathry, could not consider the residence of
Brun until after his name had been inserted in the
complaint as one of the defendants.

The affidavit of Cathry that, at the commencement
of the action he and his codefendants were residents of
the county of Inyo, entitled him to have his motion
granted, unless this fact should be overcome by affi-
davits on the part of the plaintiff. The plaintiff did
not make any affidavit on the motion, and no showing
was made by him or on his behalf that Brun was the
individual intended by the fictitious name of John Doe.

The attorney for the plaintiff, whose affidavit was
read upon the hearing of the motion, did not profess to
have any personal knowledge on the subject, or any in-
formation other than that which he obtained from the
affidavit of service, and this latter affidavit merely states
that Brun was a resident of Kern county at the date of
the service. That portion of the affidavit in which it
is stated that "Brun is one of the defendants in the
action, sued under the name of John Doe," is only hear-
say, and was not entitled to be considered. A process-

server, or an officer, can have no knowledge of the individual intended by the plaintiff under a fictitious name. The further statement of the plaintiff's attorney that all of the defendants are not residents of the county of Inyo was immaterial, unless one or more of them were residents of the county of Kern.

The code allows a defendant to be sued by a fictitious name only when the *plaintiff* is ignorant of his name, and, although the individual who is served under such fictitious name may be substituted as a defendant, until such substitution is made the rights of other parties to the action will not be affected by such service, or by his appearance in the suit. The plaintiff made no affidavit upon the subject, and there was nothing before the court from which it could find that either of the defendants was a resident of Kern county. The complaint charged all the defendants with the same act of taking and converting the property of the plaintiff, and the court could assume, in the absence of any other showing, that the defendant who was served would know his associates.

If the affidavits, which were filed under leave of the court, after the motion had been submitted, had contained matter material to the motion, it would have been an abuse of discretion in the court not to consider them, but, as their purport was merely to show the residence of Brun, they were immaterial, in the absence of any showing that Brun was the individual whom the plaintiff intended to make a defendant in the action Their statement to that effect was merely hearsay.

The order is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.