Hillsborough, }
June 5, 1906. }

CARTER, RICE & CO. *v.* SAMUEL HANO CO. & a.

An assessment upon shares to satisfy debts for which stockholders are individually liable is a corporate asset, and the right to collect it vests in a receiver of the corporation.

BILL IN EQUITY, to compel the Samuel Hano Company and its officers to call a meeting of their shareholders and vote an assessment to pay a debt they owe to the plaintiffs.   Transferred from the January term, 1906, of the superior court by *Peaslee,* J.

This is the same case reported in 72 N. H. 549.   After the order was certified to the superior court, a master was appointed to call a meeting of the shareholders of the Hano Company to provide means for paying the plaintiffs' claim by assessing their shares or otherwise.   The master called a meeting for that purpose, but none of the shareholders attended.   After the master made a return to the court of what he had done in the matter, the plaintiffs filed a motion asking the court to assess the shareholders in the Hano Company and to appoint a receiver to collect the assessment.   When this motion was in order for hearing,

Morris Hano, the record owner of one share, appeared and objected to an assessment of his stock by the court. The evidence did not show whether or not anything had ever been paid on his stock, but it did show that the whole amount of the capital fixed and limited by the corporation had not been paid in. The court ordered an assessment of two dollars a share and appointed a receiver to collect it, and Morris Hano excepted.

*Brandeis, Dunbar & Nutter* (of Massachusetts) and *Henry A. Cutter,* for the plaintiffs.

*Morse & Friedman, Lee M. Friedman,* and *Percy A. Atherton* (all of Massachusetts), for Morris Hano.

YOUNG, J. The only question argued besides those decided when the case was here before is whether this assessment is an asset of the Hano Company.

Although at common law corporations cannot assess the holders of fully paid shares for any purpose, still those organized under the laws of this state may assess the holders of such shares to satisfy corporate claims for which the shareholders are individually liable, whether the individual liability arises because the full amount of capital fixed and limited by the corporation has not been paid in, or because the corporation or its officers have failed in some other respect to comply with the statute which limits the liability of shareholders to the loss of their stock. *Lancaster Starch Co.* v. *Moore,* 62 N. H. 671; *Ossipee etc. Co.* v. *Canney,* 54 N. H. 295; *Great Falls & Conway R. R.* v. *Copp,* 38 N. H. 124. And it is the general rule that corporations may assess the holders of such stock whenever there is a statute which authorizes them to do so. *Santa Cruz R. R.* v. *Spreckles,* 65 Cal. 193; *Younglove* v. *Steinman,* 80 Cal. 375; *Gary* v. *Company,* 9 Utah 464; *Hall* v. *Company,* 5 Ida. 551; *Salmon* v. *Company,* 1 Ch. Cas. 204.

It will be unnecessary to consider whether the duty to make such an assessment could be enforced by a receiver appointed to wind up the affairs of the corporation, for in this case the assessment had been made when the receiver was appointed. It is obvious that when such an assessment has been made it is a corporate asset, for it is available for the purpose of paying the corporate debts. Consequently, the right to collect it vests in the receiver.

When this case was here before it was decided, so far as the persons then parties were concerned, that the shareholders of the Hano Company were individually liable for the plaintiffs' claims. It was suggested that it was the duty of the officers of the com-

pany to call a meeting of the shareholders to make such an assessment as might be necessary to satisfy the claims against the corporation; that it would not be assumed that the officers of the company or the shareholders would neglect to fulfil their obligations; that if found to be necessary, the court might appoint some one to call a meeting of the corporation, and might make the assessment should the shareholders refuse; and that in such case a receiver might be necessary to collect the assessment. A re-examination of the principles on which the former opinion is based shows them to be so well established (*Carter, Rice & Co.* v. *Hano Co.*, 72 N. H. 549; *Ossipee etc. Co.* v. *Canney*, 54 N. H. 295; *Great Falls & Conway R. R.* v. *Copp*, 38 N. H. 124) that it can serve no useful purpose to elaborate them a second time in this case. Consequently, that opinion is reaffirmed without discussion of the principles which sustain it.

*Exception overruled.*

All concurred.