[Civ. No. 8476. Third Dist. Jan. 24, 1955.]

WILLIAM H. HERSCHFELT, SR., Respondent, v. KNOWLES-RAYMOND GRANITE COMPANY, INC. (a Corporation) et al., Appellants.

348

Dudley Harkleroad for Appellants.

Coffee & Wolfe for Respondent.

PEEK, J.—This is an appeal from an order denying defendants' motion for a change of venue.

By the first cause of his complaint, plaintiff sought to quiet title against defendants as to certain shares of stock in the defendant Knowles-Raymond Granite Company, Inc., which shares were previously issued to plaintiff and thereafter placed in escrow with the defendant Barrett. By the second cause of action, plaintiff sought to quiet title against all defendants to a promissory note alleged to have been executed by plaintiff and "made payable to A. C. Shaw and Harriet D. Shaw." The principal place of business of the corporate defendant was alleged to be in Madera County. The complaint further

contained the usual allegations concerning fictitious defendants. On January 28, 1953, defendants filed their demurrer to the complaint, and on the same day filed their notice of motion for a change in the place of trial. In their motion it was alleged that all of the named defendants except Barrett were residents of San Mateo County and that he was a resident of the city and county of San Francisco. Prior to the hearing on said motion, Barrett filed his consent to having the matter heard in San Mateo County.

It is undisputed that the residences of the originally named individual and copartnership defendants are in San Mateo County. The affidavits of the parties filed in conjunction with the motion for change of venue indicate that prior to November, 1952, the principal place of business of defendant Knowles-Raymond Granite Company, Inc., was in the county of Madera. On November 11, 1952, at a meeting duly called, a majority of the shareholders of said corporation adopted a resolution ordering its dissolution; however, no certificate of intention so to do was ever filed with the Secretary of State. On November 15, 1952, a majority of the shareholders gave their written consent to revocation of election to dissolve. On November 24th, a certificate of amendment of the articles of incorporation, changing the principal place of business to San Mateo County, was filed with the Secretary of State. Subsequently, and on November 27th and December 5, 1952, certified copies of said articles of incorporation were filed in Madera County and San Mateo County, respectively.

It further appears that plaintiff caused summons to be served on William H. Herschfelt, Jr., as "Doe I" on January 28, 1953, and on Theodore R. Carlson as "Roe I" on January 31, 1953. Plaintiff also alleged service on Mrs. Harriet D. Shaw, "served as Doe II," but the record fails to disclose any other facts in regard thereto. By affidavit defendant Barrett, who is the secretary of the defendant corporation, points out that William H. Herschfelt, Jr., is the son of plaintiff and one of the comakers of the promissory note sued upon; that Theodore R. Carlson was a business associate of plaintiff and one of the comakers of the note; that Mrs. Harriet D. Shaw is one of the payees of the note; and that no further steps, by way of substitution or otherwise, have been taken by plaintiff to make these three parties so served defendants in the action.

The motion was submitted, and on May 8, 1953, the order denying it was filed.

It is undisputed that the residences of the originally named defendants were in San Mateo County. Respondent, however, contends that the trial court properly denied defendants' motion for two reasons. First, because from the facts it conclusively appears that all of the corporation's property and assets were located in, and all of its business was conducted from Madera County; that the revocation by the shareholders of the previous resolution of dissolution was without authority; and, that the attempted change in its principal place of business was a mere paper transaction. Secondly, he contends that by virtue of the service on his son, Carlson and Mrs. Shaw there were defendants who were residents of Madera County.

We find no merit in either of respondent's contentions. The facts respecting the action taken by the shareholders of the corporation are not in conflict. ■ There can be no question but that under the provisions of section 4600 of the Corporations Code, shareholders representing 50 per cent or more of the voting power of the corporation may elect to dissolve. ■ Likewise, there can be no question but that under the terms of section 4606 of that code a representation of no less than a majority of the voting power may rescind the resolution of dissolution. Plaintiff's affidavits in no way point to any irregularity in the two steps so taken other than his unsupported statement that such action, as well as the subsequent action changing the place of business, was without authority.

We find nothing in the one case cited by respondent (*Partch* v. *Adams,* 55 Cal.App.2d 1 [130 P.2d 244]) which supports his contention. The facts in the two cases are entirely different. In the Partch case the court found that the corporation did not maintain an office in Sacramento County which was the county designated in its articles as its principal place of business, and that the office from which it conducted all of its business was located in another county. From such facts the court concluded that for the purposes of venue and jurisdiction, the corporation was present in and had its residence in the county where it so conducted its affairs, and such conclusion merely followed well-established law. In the present case, however, it cannot be denied that the principal place of business of the corporation was changed from Madera County to San Mateo County. ■ The mere

allegations in plaintiff's affidavit in opposition to defendants' motion that all of the properties and assets of the corporation are located in Madera County does not bring the case within the rule noted in the Partch case. The bare assertion that the change was solely for the purpose of avoiding jurisdiction in Madera County and to cast an unreasonable burden upon plaintiff is likewise inadequate.

 Furthermore the failure of the defendant corporation herein to file either the certificate of election to dissolve or the certificate evidencing revocation thereof as required by sections 4603 and 4606 of the Corporations Code could in no way change the result. Such provisions for filing were enacted for the convenience of the Secretary of State and the public, and for the protection of the directors and trustees, but strict compliance therewith is not necessary. Particularly is this true in the absence of any showing of injury by a failure to so comply. (*Bank of Alameda County* v. *McColgan*, 69 Cal.App.2d 464 [159 P.2d 31].)

Plaintiff's second argument in support of the order of the trial court is that all of the fictitious defendants were residents of Madera County, and that they not only were proper parties but were necessary parties as well, hence the trial court properly denied defendants' motion.

With such contention we cannot agree. Even assuming, but definitely not deciding, that plaintiff had fully complied with the rule so aptly set forth in *Bachman* v. *Cathry*, 113 Cal. 498 [45 P. 814], the case must nevertheless be reversed for the further reason that plaintiff has failed to bring himself within the provisions of section 474 of the Code of Civil Procedure. The pertinent portion of that section provides that:

"When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly. . . ."

In *Mercantile Trust Co.* v. *Stockton etc. Co.*, 44 Cal.App. 558, 560 [186 P. 1049], it was held that the purpose of this section is to enable a plaintiff who has in mind a person he deems a proper or necessary party defendant, but of whose true name he is ignorant, to bring suit alleging the fact of his ignorance of the true name of the party, designating him by any name, and that when his true name is ascertained to amend his pleading accordingly. In other words, plain-

tiff's ignorance of the true name must be real and not feigned. It must not be willful ignorance such as might be removed by some inquiry or resort to information easily accessible (*Rosencrantz* v. *Rogers,* 40 Cal. 489, 491); and, secondly, the fictitious defendant must have been a necessary or proper party in the mind of the plaintiff at the time his complaint was filed. (*Mercantile Trust Co.* v. *Stockton etc. Co., supra.*)

In the present proceeding plaintiff alleged in his complaint that he was ignorant of the true names of the fictitiously named defendants, and therefore sued them under such fictitious names and prayed that when their true names were ascertained he would be allowed to so amend his complaint. In the second cause of action of his complaint he alleged the existence of a note in a specific amount, executed by himself and made payable to A. C. and Harriet P. Shaw; however, it appears from the affidavit in support of the motion, and it is not denied by plaintiff, that the note in question was signed by himself, his son, William H. Herschfelt, Jr., and a business associate, Theodore R. Carlson, as comakers. It also appears from the affidavit of plaintiff's counsel in opposition to the motion that "the names of these individuals [Herschfelt, Jr., and Shaw] were known but that it was not known to the plaintiff at the time of filing the complaint; that it was necessary to make them parties to the action . . ."

Thus it is quite evident that plaintiff has met neither of the two requirements of the said section; that his ignorance of the true names of said persons was real and not feigned or was something that could have been removed by inquiry or resort to information easily accessible, and secondly, that he had them in mind at the time of filing his complaint as "a person he deems a proper or necessary party." Obviously under the circumstances disclosed, he could not have been ignorant of the true names of his son and Carlson, comakers with him on the note, and by the very express averment in counsel's affidavit, he did not consider that they were proper or necessary parties.

The order is reversed.

Van Dyke, P. J., and Schottky, J., concurred