[Department One. — February 5, 1883.]

## JAMES FARRIS et al., Appellants, v. H. P. MERRITT et al., Respondents.

Pleading — Fictitious Name — Amended Complaint. — A defendant sued by a fictitious name is a party to the action from its commencement, and an amendment to the complaint by inserting the true name does not change the cause of action.

Id. — Statute of Limitations — Demurrer. — The Statute of Limitations is not available on demurrer unless all the facts which the defendant would be required to prove under a plea of the statute appear on the face of the complaint.

Appeal from a judgment of the Superior Court of the county of Yolo.

The action was ejectment. One of the defendants was sued by a fictitious name, and the complaint was afterwards amended and the true name inserted. The defendants demurred separately to the amended complaint on the ground that the action was barred by the Statute of Limitations. The demurrers were sustained, and the plaintiffs declined to amend.

*Freeman & Bates*, and *Dunlap & Van Fleet*, for Appellants.

*J. H. McKune*, and *W. B. Treadwell*, for Respondents.

McKee, J. — The court erred in sustaining the demurrers to the amended complaint filed on the 2d of April, 1882.

The demurrers admitted all the material allegations of the complaint. These showed that the plaintiffs were the owners in fee, and entitled to the possession of the demanded premises, and that the defendants were in possession of the same, and wrongfully withheld them from the plaintiffs. The cause of action was, in no respect, different from that stated in the first complaint, which had been filed on the 8th of August, 1881, except that it ran against a party named as a defendant, whose name did not appear in the first complaint, who, it was alleged, was in possession as a tenant of his co-defendant, Merritt. But

this new name was alleged to be the real name of one of the
defendants named in the first complaint by a fictitious name.
Being a party named in that complaint by a fictitious name, he
was a party to the action from its commencement. (*Sacramento*
v. *Spencer*, 53 Cal. 737.) It was necessary, however, to amend
the complaint by inserting his real name when ascertained,
otherwise no judgment could be taken and enforced against him.
(Sec. 474, Code Civ. Proc; *McKinlay* v. *Tuttle*, 42 Cal. 577;
*Campbell* v. *Adams*, 50 Cal. 205; *Baldwin* v. *Morgan*, 50 Cal.
585.) Such an amendment, however, does not change the
original cause of action. Merritt was a proper party defendant.
Section 379 of the Code of Civil Procedure provides that a
landlord may be made a defendant to an action of ejectment.
Whether the Statute of Limitations had run in favor of either
of the demurring defendants at the time of filing the amended
complaint was a question which could not be raised by demurrer,
unless the complaint contained allegations of all the facts neces-
sary to constitute adverse possession by the defendants, accord-
ing to the provisions of the sections of the Code which they
invoked by their demurrers. No such allegations were contained
in the complaint; it did allege an ouster on the 20th of Decem-
ber, 1876, and, assuming that the cause of action then accrued,
the action was brought within five years at the filing of the first
complaint. But while it is a fact that more than five years had
run at the time of filing the amended complaint, in which the
real name of the defendant Platt was, for the first time inserted,
yet the right of the plaintiffs as alleged owners in fee of the
demanded premises was not forfeited by the mere lapse of time.
They could only be deprived of their title or barred of their
action by proof of an adverse possession by the defendants,
according to the requisites and requirements of the Statute of
Limitations, upon which they relied; and the burden of the
*allegata et probata* of such a statutory right was upon them.
Such is the case of *Lawrence* v. *Ballou*, 50 Cal. 258, referred to
by respondents' counsel.

Judgment and order reversed, and cause remanded with direc-
tion to overrule the demurrers, and allow the defendants to answer.

Ross, J., and McKINSTRY, J., concurred.