[Civ. No. 20028.   First Dist., Div. Three.   Aug. 7, 1962.]

CHESTER PFEFFERLE et al., Plaintiffs and Respondents, v. RENE LASTRETO et al., Defendants and Appellants.

Hudson, Martin, Ferrante & Street and Cyril Viadro for Defendants and Appellants.

Eisner & Titchell, Haskell Titchell, Morgan, Beauzay, Holmes & Wines and Richard J. Wylie for Plaintiffs and Respondents.

SALSMAN, J.—The individual defendants herein appeal from three orders of the trial court. They are:

(1) Order made February 17, 1961, denying defendants' motion for a change of venue;

(2) Order made March 3, 1961, denying defendants' motion to vacate the order of February 17, 1961;

(3) Order of March 3, 1961, denying defendants' second motion for a change of venue.

We note that this appeal was taken prior to the 1961 amendment to Code of Civil Procedure section 963, and therefore the court has jurisdiction to hear and decide it.

The complaint discloses the following relationship and course of business among the parties: The plaintiff Pfefferle is a feed and grain dealer having his principal place of business in Santa Clara County. The other eight plaintiffs are poultry producers residing in and doing business in Monterey County.

The defendant Nopco Chemical Company is a New Jersey corporation whose principal place of business in California is in Contra Costa County. The four individual defendants are alleged to be employees of the defendant Nopco Chemical Company and all reside in Contra Costa County.

The complaint originally contained causes of action for breach of contract, breach of warranty, and negligence. By amendment, however, the contract and warranty causes of action have been dropped and only the negligence counts remain.

The substance of plaintiffs' complaint is that defendant Nopco Chemical Company negligently manufactured and sold to plaintiff Pfefferle a certain compound to be used as an additive to grain for chicken feed; that plaintiff Pfefferle mixed the compound with his grain and sold the grain to the other plaintiffs who in turn fed it to their chickens. The eight plaintiffs who are poultry producers demand damages for the harm done to their flocks. Pfefferle demands damages for the loss of grain to which the defendant's compound was added, for damages to his business and for loss of good will.

Before the individual defendants were served, defendant Nopco Chemical Company obtained a transfer of the action to the federal court; after service of summons on the individual defendants resident in Contra Costa County, the action was retransferred from the federal court to the superior court in Monterey County. The Nopco Chemical Company has answered and the case is at issue as to this defendant.

The individual defendants filed a motion to change venue from Monterey County to Contra Costa County, the county of their residence. In opposition to this motion and at the time it was heard, plaintiff Pfefferle filed a declaration in which he

asserted that, at the time of the injury and damage complained of by the poultry producers, he had a security interest by chattel mortgage on their chicken flocks. The court considered this affidavit and denied defendants' motion for a change of venue. Thereafter defendants filed a motion to vacate the order denying them a change of venue and at the same time filed a second motion for a change of venue. Plaintiffs, other than Pfefferle, then noticed a motion to separate their causes of action from that of Pfefferle, and on March 3, 1961, the court heard all three motions. The court first considered the motion of the plaintiff poultry producers to separate their causes of action from that of Pfefferle. This motion was granted. The court then considered and denied defendants' motion to vacate the prior order denying them a change of venue and finally denied defendants' second motion for a change of venue.

We think the defendants, by making a second motion for a change of venue on the same legal grounds urged in support of their first motion have waived their right to appeal from the first order denying them relief. The purpose of both motions was the same. The defendants could have appealed promptly from the first order. They chose not to do so, but instead renewed their motion for a change of venue. Under these circumstances the appeal from the first order denying defendants a change of venue, and the appeal from the order denying the defendants' motion to vacate the first order, will be dismissed. We proceed then to consider the merits of defendants' appeal from the order denying their second motion for a change of venue.

Throughout the hearing on the various motions of the defendants their position has remained the same, namely, that as to the Pfefferle cause of action, Monterey County was not a proper county for trial; that the defendants were entitled to trial in the county of their residence, and that the entire action therefore must be transferred to Contra Costa County for trial.

The controlling question to be decided on this appeal is the propriety of the trial court's order separating the causes of action of the plaintiff poultry producers from the cause of action of the plaintiff Pfefferle. For reasons hereinafter stated, we think the trial court properly granted the motion to sever and, as to plaintiffs other than Pfefferle, properly denied defendants' motion to change venue. Although the order severing the cases of the poultry producers from the case of

Pfefferle is not appealable, it may be reviewed in connection with our review of the order denying defendants' motion for a change of venue (*City of Oakland* v. *Darbee*, 102 Cal.App.2d 493, 504-506 [227 P.2d 909]; Code Civ. Proc., § 956).

The plaintiffs have joined as parties in filing their complaint as they are permitted to do by Code of Civil Procedure section 378. That section reads in part as follows: "All persons may be joined in one action as plaintiffs . . . where if such persons brought separate actions any question of law or fact would arise which are common to all the parties to the action; . . ." The common question of fact involved in the claims of all plaintiffs here is the alleged negligent conduct of the defendants in the preparation and sale of the chemical additive for grain used as chicken feed. ■ Code of Civil Procedure section 378 also grants authority to the court to sever the claims of parties who have joined as plaintiffs pursuant to the statute. That portion of Code of Civil Procedure section 378 reads as follows: ". . . *provided,* that if upon the application of any party it shall appear that such joinder may embarrass or delay the trial of the action, the court may order separate trials or make such other order as may be expedient, . . ." There can be no doubt that each of the plaintiffs could have filed a separate action and sought a separate judgment on his claim alone, had he wished to do so. ■ The fact that all joined in one action should not preclude one or all from later requesting the court to separate their respective actions for trial. (See *Westphal* v. *Westphal*, 61 Cal.App.2d 544-548 [143 P.2d 405].) ■ Here the plaintiffs had already suffered embarrassment and delay in the trial of their action by its transfer to the federal court and retransfer to the superior court in Monterey County. The court could well consider what further embarrassment and delay might be caused to some or all of the plaintiffs if their actions were not separated for trial.

Under Code of Civil Procedure section 579, the court has authority to grant separate trials to defendants, and it has often been held that the exercise of this power rests in the sound discretion of the trial court (*People* v. *Jolley*, 35 Cal. App.2d 159 [94 P.2d 1011]; *Fisher* v. *Superior Court*, 157 Cal. App.2d 126-130 [320 P.2d 894]; *Bell* v. *Staacke*, 159 Cal. 193-196 [115 P. 221]; 48 Cal.Jur.2d 84.) ■ The same rule .is applicable to the exercise by the court of the powers granted to it by Code of Civil Procedure section 378. Under this section of the code the granting of a separate trial to plaintiffs

who have joined in the same action is discretionary with the trial court and, in accordance with long established rule, the trial court's exercise of its discretionary powers will not be disturbed except upon an affirmative showing of an abuse of discretion (*Wellborn* v. *Wellborn*, 67 Cal.App.2d 540-542 [155 P.2d 95]; *Mercantile Trust Co.* v. *Sunset etc. Co.*, 176 Cal. 461 [168 P. 1037].) No abuse of discretion is charged here, and none appears.

Defendants argue that the filing of their motion to change venue suspended the powers of the trial court to act upon any other question until their motion to change venue has been decided, citing *Brady* v. *Times-Mirror Co.*, 106 Cal. 56 [39 P. 209].

It is true that as a general rule, when a notice of motion for change of venue has been filed the court ought not to rule upon any matters which should properly be determined by the court of ultimate venue. But this restriction cannot be held to apply to matters incidental to a consideration by the court of the motion to change venue. It does not preclude the trial court from considering a motion to sever under Code of Civil Procedure section 378, so that the court may properly consider the motion to change venue separately as to various plaintiffs. This precise question was considered and answered by the court in *City of Oakland* v. *Darbee, supra,* 102 Cal.App.2d 493, 503, where the appellants made the same contention as appellants do here: ". . . The reason for the suspension of such powers of the court is that if a defendant is entitled to have his motion for change of venue granted, he is entitled to have such matters heard before the court of the county of his residence; also, in respect to the pleadings, the motion for transfer must be decided upon the basis of their status as of the date of the filing of notice of the motion.

"That reasoning does not logically require suspension of the court's power to act upon matters which are incidental or ancillary to consideration of and action upon the motion for transfer itself. . . ." Here, the motion to separate the cases of the various plaintiffs, all properly joined under Code of Civil Procedure section 378, but also properly severable under the same section, was incidental to the trial court's consideration of the defendants' motion for a change of venue. The court properly considered the motion to separate before considering the defendants' motion to transfer, and after its ruling on the motion to separate, the court could then apply

to each of the plaintiffs' cases the proper rules relating to place of trial.

In denying defendants' motion for change of venue entirely, however, the court was in error in this respect: After the severance of the poultry producers' action from that of Pfefferle, the court in effect had before it two separate cases.

As to the poultry producers, their action was properly filed in Monterey County, for that was the county in which the alleged negligence of the defendants caused injury to their chicken flocks. Under Code of Civil Procedure section 395 their action was properly triable in the county of injury. As to these plaintiffs, the defendants presented no valid grounds for transfer of the action, and as to them the motion for a change of venue was properly denied.

The case of Pfefferle differs from that of the other plaintiffs in this: all of Pfefferle's alleged injury, except as hereinafter noted, occurred in Santa Clara County. Standing alone, as he must after the court's order of severance, his action was not properly triable in Monterey County. Pfefferle asserted by affidavit only and not in his complaint that he possessed chattel mortgages on the chicken flocks of the other plaintiffs at the time of their injury and hence had a property interest in Monterey County which entitled him to lay venue there. This contention cannot be supported, however, because, as noted, Pfefferle's claim of a security interest in the property of the other plaintiffs was nowhere mentioned in the complaint, and the determination of the motion for a change of venue must be made on the pleadings as they stood at the time the motion was made. (*Brady* v. *Times-Mirror Co.,* 106 Cal. 56 [39 P. 209].) Moreover, we need not consider whether the pleading may be modified by affidavit filed in opposition to the motion for a change of venue since Pfefferle's declaration does not allege or show any damage or loss of security, nor does it show that the other plaintiffs could not pay their debt to him if the security was in fact impaired or destroyed. Without a showing of impairment of security there could be no damage. (*Diggs* v. *Pacific Gas etc. Co.,* 57 Cal.App. 57 at 65 [206 P. 765].) Thus it appears there is no legal basis for the retention of Pfefferle's action in Monterey County and as to his case, the motion of the defendants should have been granted.

The appeal from the order made February 17, 1961, denying defendants' motion for a change of venue is dismissed; the appeal from the order made March 3, 1961, denying defend-

ants' motion to vacate the order of February 17, 1961, is dismissed; the court's order of March 3, 1961, denying defendants' motion for a change of venue is reversed with directions to the trial court to grant defendants' motion as to the action of plaintiff Pfefferle, and to deny the motion as to all other plaintiffs. Each party to bear his own costs on appeal.

Draper, P. J., and Devine, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 2, 1962.