[Civ. No. 23593.   First Dist., Div. One.   July 28, 1966.]

LINDA GUTIERREZ, a Minor, etc., Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; OJAI VALLEY INN et al., Real Parties in Interest.

David B. Gold for Petitioner.

No appearance for Respondent.

Ernest Arnold, Sedgwick, Detert, Moran & Arnold, Robert A. Seligson, John P. Hardy, Bledsoe, Smith, Cathcart, Johnson & Rogers and Clyde R. Rockwell for Real Parties in Interest.

MOLINARI, J.—In this mandamus proceeding the essential question for determination is whether the trial court could disregard the residence of a party who had been sued by a fictitious name, and whose true name was substituted after a motion to change venue, but before the hearing thereon. We have concluded that the court below was required to consider the residence of such party in determining the motion for change of venue, and that since the residence of such defendant was established to be in San Francisco County, the trial court erred in ordering a change of venue to Ventura County. In reaching this conclusion we have determined that the trial court was also in error in finding that plaintiff's joinder of such party defendant was not made in good faith.

In the instant action a complaint for damages for personal

injuries was filed on January 11, 1966[1] by plaintiff in San Francisco County naming Ojai Valley Inn, Ojai Hotel Company, Northrop Architectural Systems and 15 Does as defendants. The complaint alleged that plaintiff sustained injuries when she came into contact with certain sliding glass doors while a paying lodger at the Ojai Valley Inn. It was alleged that defendants Ojai Hotel Company and Does One through Eight were the owners and operators of Ojai Valley Inn; that defendants Northrop Architectural Systems and Does Nine through Eleven were the manufacturers, fabricators, distributors and installers of the subject glass doors; and that defendants Does Twelve through Fourteen were the manufacturers, fabricators and distributors of the glass used in said doors. With respect to the charging allegations, the complaint was framed in two "causes of action," the first alleging negligence against all of defendants "in designing, manufacturing, constructing, selling, distributing, installing and maintaining" the hotel premises and the subject doors; and the second seeking recovery on a warranty theory against Northrop Architectural Systems and Does Nine through Fourteen.

The subject complaint specifically alleged that Northrop Architectural Systems and Does Nine through Fourteen "have their principal place of business in the City and County of San Francisco" and alleged that the true names and capacities of all defendants were unknown to plaintiff "who therefore sues said defendants by such fictitious names and designations."

On March 15, Ojai Hotel Company, a corporation (hereinafter referred to as Ojai), filed a notice of motion for change of venue wherein it alleged that it was the defendant sued as Ojai Valley Inn, Ojai Hotel Company and Does One through Eight. The notice stated that on April 1, or as soon thereafter as the matter could be heard, Ojai would move to transfer the cause to Ventura County. The motion was predicated on the allegation that the alleged injury took place in Ventura County, that Ojai's principal place of business was in Ventura County, and that none of defendants resided or had their place of business in San Francisco County. A declaration of facts in support of the motion made by the attorney for Ojai was filed in conjunction with the motion. A similar motion, supported by the declaration of its attorney, was filed on March 21 by Northrop Architectural Systems, a corporation (hereinafter referred to as Northrop), alleging that its place

---

[1] All dates hereinafter referred to are in the year 1966.

of business was in Los Angeles County and that Ventura County was the proper place for trial of the action.

The motions for change of venue were not heard on April 1 but were apparently continued by stipulation to either April 7 or 8.[2] On April 6 a declaration of service was filed showing that on March 25 Libbey-Owens-Ford Glass Company, a corporation (hereinafter referred to as Libbey), was served as "Doe Twelve" in San Francisco County, and on the same day a "First Amendment to Complaint" was served and filed by plaintiff reciting that pursuant to section 474 of the Code of Civil Procedure[3] defendant sued in the complaint under the fictitious name of "Doe Twelve" was thereby amended to read "Libbey-Owens-Ford Glass Company." Additionally, on April 6 counsel for plaintiff filed a declaration stating that on March 25 he had ascertained the name of "Doe Twelve" and served Libbey as "Doe Twelve"; that Libbey was an Ohio corporation doing business in California and had designated with the Secretary of State its principal place of business in California as 635 Rialto Building, San Francisco, and the C T Corporation System as its agent to accept service; that Libbey had complied with former section 6202 of the Corporations Code of the State of California; that service of summons and complaint was effectuated by service upon said designated agent on March 25; that on April 6, "a substitution of name" was filed substituting Libbey for "Doe Twelve"; that Libbey, accordingly, at all times mentioned in the complaint was a resident of San Francisco County; that Libbey was a necessary party to the action as a manufacturer and distributor of the glass installed in the doors with which plaintiff collided; and that if this glass was defective in its manufacture, construction and distribution as alleged in the complaint, Libbey would be liable to plaintiff in damages. A supplemental declaration was served and filed by counsel for Northrop prior to the hearing on the motion for change of venue asserting that Libbey had its principal place of business in Ohio, with offices in California consisting of a sales office in San Francisco and a regional sales office in Los Angeles, and that any glass sold in the Ventura area would have been sold out of the

---

[2]The record does not disclose when the hearing was actually held. Plaintiff states that it was continued by stipulation to April 8 at her request; Ojai states that it was continued by stipulation at plaintiff's request to April 7. In any event the record discloses that both motions for change of venue were granted on April 8.

[3]Unless otherwise indicated all statutory references are to the Code of Civil Procedure.

Los Angeles office. This declaration concluded, on information and belief, that Libbey had been joined solely for placing venue in San Francisco County.

When the motions for change of venue came on for hearing Libbey had not appeared in the action[4] nor did it specially appear with respect to these motions. The motions were heard upon the declarations hereinbefore alluded to. In addition there was introduced in evidence by plaintiff a letter from the Secretary of State showing that Libbey had designated San Francisco as its principal place of business in California. On April 8 the motions of Ojai and Northrop to change venue and to transfer the matter to Ventura County were granted. This ruling was based upon the rule that in determining venue the trial court must look only to the residence of defendants who are specifically named at the time the motion for change of venue is tendered; that this rule cannot be circumvented by an amendment substituting the true name of a defendant who has been named in the complaint by a fictitious name; and that plaintiff, in designating Libbey as a defendant, did so solely for the purpose of placing venue in San Francisco County and therefore was not acting in good faith.

Plaintiff contends that although it is the general rule that residence for purposes of venue is to be determined by the pleadings at the time the motion for change of venue is tendered, this rule applies only when a complaint undertakes to make substantive amendments to the pleadings, but does not apply where the amendment merely substitutes the true name of a defendant sued and previously named in the complaint by a fictitious name. Ojai and Northrop maintain that the general rule, requiring that a motion to change venue be determined by the pleadings as they stand at the time the motion is interposed, applies in the instant case. This rule, sometimes denominated the ''freezing of facts'' doctrine, has been articulated in a myriad of cases. (See *Buell* v. *Dodge,* 57 Cal. 645; *Brady* v. *Times-Mirror Co.,* 106 Cal. 56, 60 [39 P. 209]; *Donohoe* v. *Wooster,* 163 Cal. 114, 117 [124 P. 730]; *McClung* v. *Watt,* 190 Cal. 155, 159 [211 P. 17]; *Prendergast* v. *Mitchell-Silliman Co.,* 65 Cal.App. 456, 458 [224 P. 243]; *Kallen* v. *Serretto,* 126 Cal.App. 548, 549 [14 P.2d 917]; *Sims* v. *Mains,* 131 Cal.App. 307, 310 [21 P.2d 447]; *Story* v. *Christin,* 137 Cal.App. 484, 486 [30 P.2d 1016]; *Vickerson* v. *Wehr,* 42 Cal.App.2d 678, 682 [109 P.2d 743]; *Warren* v. *Ritter,* 61

---

[4]The record discloses that Libbey had obtained an order extending time to plead to the complaint to April 25.

Cal.App.2d 403, 405 [142 P.2d 948]; *Konnoff* v. *Fraser,* 62 Cal.App.2d 788, 791-792 [145 P.2d 368]; *Abbey* v. *Schaefer,* 108 Cal.App.2d 554, 556-557 [239 P.2d 44]; *Wiley* v. *Long,* 148 Cal.App.2d 230, 233 [306 P.2d 1063]; *Estep* v. *Budger Mfg. Co.,* 164 Cal.App.2d 119, 122 [330 P.2d 298]; *Pfefferle* v. *Lastreto,* 206 Cal.App.2d 575, 581 [23 Cal.Rptr. 834, 99 A.L.R.2d 663]; see also 92 C.J.S., Venue, § 185, p. 912; 25 Cal.Jur., Venue, § 41, p. 907; 51 Cal.Jur.2d, Venue, § 93, p. 215; 1 Witkin, Cal. Procedure (1954) Actions, § 189, p. 704; *The Nonresident Defendant—Seventy Years of Confusion,* 4 Stan.L.Rev. 79, 81.)[5]

■ Before proceeding with a discussion of the applicability of the subject rule to the instant case it should first be noted that "A corporation . . . may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." (Cal. Const., art. XII, § 16.) This provision is self-executing, applies to domestic and foreign corporations (*Hale* v. *Bohannon,* 38 Cal.2d 458, 470, 475, 479 [241 P.2d 4]; *Ellis* v. *National Casualty Co.,* 99 Cal.App.2d 77, 79 [221 P.2d 127]), and may be invoked in *ex delicto* actions (*Shida* v. *Japan Food Corp.,* 185 Cal.App.2d 443, 447 [8 Cal.Rptr. 271]; *Searls* v. *Greyhound Corp.,* 180 Cal.App.2d 463, 465 [4 Cal.Rptr. 206]; *Ray Wong* v. *Earle C. Anthony, Inc.,* 199 Cal. 15, 17 [247 P. 894]). ■ A corporation's principal place of business is its residence for purposes of determining venue. (*All-Cool Aluminum etc. Co.* v. *Superior Court,* 224 Cal.App.2d 660, 666-667 [36 Cal.Rptr. 769].) Accordingly, a corporate defendant challenging venue may obtain an order changing venue only to the county of its principal place of business. (*Beutke* v. *American Securities Co.,* 132 Cal.App.2d 354, 361 [282 P.2d 201].) ■ It should be noted, however, that where more than one corporate defendant challenges venue in the same action, such defendants have an absolute right upon request to have the trial moved to one or the other of the counties of their residence.

[5]One California case states that the merits of a motion for change of venue are determined upon the pleadings as they stand at the time of hearing the motion. (See *Peterson* v. *Sherman,* 68 Cal.App.2d 706, 711 [157 P.2d 863].) That case is contrary to the rule generally announced by the California cases and seems patently inconsistent with the rule of *Brady* v. *The Times-Mirror Co.,* 106 Cal. 56 [39 P. 209], upon which *Peterson* relies as authority for its statement. (See 92 C.J.S., Venue, § 185, pp. 912, 913, fns. 90-91.)

(See *Sausen* v. *Anderton*, 129 Cal.App.2d 324, 326 [276 P.2d 814].)

Adverting to the general rule hereinbefore set out we note that it has been consistently applied where a plaintiff amends his complaint, subsequent to the interposition of a motion for change of venue, by stating a new cause of action against a resident. (See *Buell* v. *Dodge, supra,* 57 Cal. 645; *Ah Fong* v. *Stearnes,* 79 Cal. 30, 33 [21 P. 381]; *Konnoff* v. *Fraser, supra,* 62 Cal.App.2d 788, 791-792; *Hayutin* v. *Rudnick,* 115 Cal.App. 2d 138, 141 [251 P.2d 707]; 1 Witkin, *supra,* § 240(c), pp. 754, 755.) Our inquiry, however, is whether the subject rule is applicable where an amendment substituting the real name of a party, designated by a fictitious name, but who has been a party from the commencement of the action, is made after a motion for change of venue. In the pursuit of an answer to this query we must take note that there is abundant authority for the proposition that the substitution by amendment of the true name of a defendant sued by a fictitious name does not change the original cause of action. (*Farris* v. *Merritt*, 63 Cal. 118, 119; *Austin* v. *Massachusetts Bonding & Insurance Co.,* 56 Cal.2d 596, 599 [15 Cal.Rptr. 817, 364 P.2d 681], and cases cited therein.)

The earliest case on the point here under consideration and the sole Supreme Court case touching upon it, is *Bachman* v. *Cathry* (1896) 113 Cal. 498 [45 P. 814]. There an action was brought in Kern County against Cathry and two fictitiously named parties. Cathry moved to change the place of trial to Inyo County alleging that at the time of the action's commencement all named defendants were residents of Inyo County. After notice of the motion, the plaintiff had an *alias* summons issued and submitted an affidavit that it was served on Jean Brun, a resident of Kern County and sued as John Doe. The motion was granted, and the plaintiff appealed. The Supreme Court, in affirming the order, noted that "No amendment of the complaint was made, nor was Jean Brun made a defendant by having his name substituted in the complaint for that of John Doe." (P. 500.) It also made the following significant observation: "[T]he court, in considering the action of Cathry, *could not consider the residence of Brun until after his name had been inserted in the complaint as one of the defendants.*" (Italics added; p. 501.) Noting that an individual who is served under a fictitious name may be substituted as a defendant under section 474, *Bachman* states unequivocally that "until such substitution is made the rights

of other parties to the action will not be affected by such service, or by his appearance in the suit." (P. 502.) With respect to the affidavit of the plaintiff to the effect that Brun, a resident of Kern County, had been served with summons as John Doe, the Supreme Court stated that, since the purport of such affidavit was to merely show Brun's residence, the statement therein that Brun was the individual whom the plaintiff intended to make a defendant in the action was merely hearsay.

The next case in point is *Kallen* v. *Serretto, supra,* 126 Cal.App. 548, which was decided in 1932. There the plaintiffs sued in San Francisco County for damages arising out of an automobile accident in San Mateo County. The complaint designated Ed Serretto, his wife and two Does as defendants. The complaint alleged the Does to have an interest in the Serrettos' automobile. The Serrettos moved to change venue to San Mateo County, their place of residence. After motion to change, the plaintiffs were allowed to file an amended complaint wherein it was alleged that " 'the defendants, acting through said defendant Ed Serretto, drove and operated their motor vehicle, etc.' " (P. 549.) The plaintiffs' affidavit in opposition to the motion averred that "First Doe" was one Irani, a resident of San Francisco County, however, it did not appear that Irani was named, substituted or served. Motion to change venue was denied. The appellate court, applying the "frozen fact" rule, reversed the order and stated as follows: "When the appellants filed their demurrer and demand for a change of venue they were the only real parties defendant named in the pleadings. In fact, the same condition existed at the time the motion was heard because no other defendant had been brought into court by substitution, appearance or service of process. The amended complaint and the affidavit of plaintiffs' attorney, both of which were filed after appellants' appearance and demand, and from which it might be inferred that some other defendant *might* be brought in, could not be considered in the hearing of the motion to change. Appellants' residence in San Mateo County being conceded, they were entitled to a change of the place of trial to that county." (Pp. 549-550.) *Kallen* made no mention of the *Bachman* case. We note, however, this significant language in *Kallen:* "[T]he parties defendant 'as *revealed* by the pleadings existing at the time' (*McClung* v. *Watt* [190 Cal. 155, 159 (211 P. 17)]) the demand was made and the demurrer was filed are the only parties to be considered on the motion for a change of the place of trial. . . . *Fictitious* defendants *who have not been*

*brought into court* are not to be regarded in consideration of the motion for a change of venue. [Citations.]'' (Italics added; p. 549.)

The *Kallen* case and the rule that the propriety of a motion to change venue is to be determined by the pleadings as they exist at the time the moving party first appears were distinguished by *Vickerson* v. *Wehr, supra,* 42 Cal.App.2d 678, which was decided in 1941. There an action was filed in San Francisco County against one Terkel, a resident of San Francisco County and the administrator of the estate of Wehr, for money allegedly owed to the plaintiff by the decedent. Prior to appearance Terkel resigned as administrator and his letters were revoked. Thereafter, the decedent's widow was appointed special administratrix. The widow moved to change venue to Alameda County, her place of residence, urging that venue must be determined upon the status of the pleadings at the time she first appeared. The lower court granted the motion, but this order was reversed by the reviewing court upon the rationale that from the commencement of the action the estate, and not the legal representative, was the real party in interest and that no new or different interest was brought into the case by the widow's substitution. The appellate court further disposed of the widow's contention that the matter was controlled by the *Kallen* case on the basis that *Kallen* did not deal with the situation of a substituted defendant and that it was ''apparent that the language there employed has no application to such a case.'' (P. 682.)[6]

In *Warren* v. *Ritter, supra,* 61 Cal.App.2d 403, decided in 1943, the appellate court noted both the general rule and the rule of *Bachman,* but made no mention of the *Kallen* case. In *Warren* an action was filed in San Bernardino County against two individuals, a corporation, the State Corporation Commission and various fictitious defendants. One individual defendant filed a motion to change venue to Los Angeles County, the residence of all named defendants except the corporation. The order denying change of venue was reversed, the reviewing court noting that certain amendments[7] filed by the plaintiff after the motion could not be considered as having any bearing on the decision of the motion under the general rule, and, citing *Bachman,* stated that the fact that certain defendants were sued under fictitious names could likewise have no

---

[6]The same rationale was applied to *McClung* v. *Watt,* 190 Cal. 155 [211 P. 17], and *Ah Fong* v. *Stearnes,* 79 Cal. 30 [21 P. 381], also urged by the widow respondent in support of her contention.

[7]The opinion does not disclose the nature of these amendments.

bearing because "the rights of another defendant to change the place of trial cannot be affected thereby *until* the substitution of their true names." (Italics added; p. 405.) With respect to the corporate defendant it was held that since it was a foreign corporation which had not designated a principal place of business in this state, it could not defeat the right of other defendants to move the place of trial to the county of their residence.

The *Bachman* rule was alluded to in *Herschfelt* v. *Knowles-Raymond etc. Co.* (1955) 130 Cal.App.2d 347 [279 P.2d 104]. In that case the plaintiff filed suit in Madera County seeking to quiet title as to a promissory note payable to two individuals and to certain stock in the defendant corporation. Other parties were named as defendants, some by fictitious names. The principal place of business of the corporate defendant was alleged to be in Madera County. The defendants moved to change venue on the basis that all but one of the defendants were residents of San Mateo County and the nonresident had consented to having the matter heard in the latter county. On the date of the motion the plaintiff served a fictitiously named defendant as "Doe I." Thereafter he served another fictitiously named defendant as "Roe I." No further steps by way of substitution or otherwise were undertaken to make these last two individuals party to the action. The appellate court reversed an order denying change of venue. The plaintiff argued, *inter alia,* that the order was proper since some of the parties, designated by fictitious names in the complaint, who were served, were residents of Madera County. In rejecting this contention Justice Peek said: "Even assuming, but definitely not deciding, that plaintiff had fully complied with the rule so aptly set forth in *Bachman* . . . , the case must nevertheless be reversed for the further reason that plaintiff has failed to bring himself within the provisions of section 474. . . ." (P. 351.) The reviewing court held that the plaintiff had not met the requirements of section 474 since his ignorance of the true names of the parties designated by fictitious names was not real and could have been removed by ready inquiry; and secondly, that he did not have them in mind as proper parties at the time he filed his complaint.

Reconciling the foregoing cases we conclude that it is the decisional law of this state that when the plaintiff is truly ignorant of the name of a defendant and therefore designates him by a fictitious name, he may, where such complaint alleges or attempts to state a cause of action against such fictitiously

named defendant, amend the complaint to allege the true name of such defendant after a motion for change of venue has been interposed, and prior to the hearing of said motion, and that when such amendment is made the residence of such defendant must be considered in connection with the determination of the motion. This is the rule of the *Bachman* case. Although *Bachman* does not explicitly delineate the time during which such amendment may be made, the rule we ascribe to *Bachman* is implicit from the rationale and language of the opinion. Our understanding of the *Bachman* rule coincides with that of the *Herschfelt* and *Warren* cases where the reviewing court refused to apply the rule because there was no substitution of the true names of the defendants sued by fictitious names by amendment, pursuant to section 474. In *Herschfelt* a further reason for not applying the rule was the circumstance that the allegation in the complaint that the plaintiff did not know the true names of the said defendants was patently untrue.

A careful reading of the *Kallen* case discloses that it is not at odds with *Bachman* and *Herschfelt*. In *Kallen* there was likewise no attempt to amend the complaint at any time to allege the true name of the defendant sued by a fictitious name, but, as in *Bachman* and *Herschfelt*, the allegation as to the true name was contained in the affidavit in opposition to the motion for change of venue. Upon closer scrutiny, it is also apparent that *Kallen* was properly enunciating the general rule that after motion for change of venue the trial court cannot permit a *substantive* change in the complaint, since there the original complaint apparently alleged that the defendants who drove the vehicle in " 'a careless, negligent, and unskilled manner' " (p. 549) were the Serrettos, while the amended complaint sought to include the fictitiously named defendants by alleging that " 'the defendants, acting through said defendant Ed Serretto, drove . . . etc.' " (P. 549.)

We note here that the distinguishment we make in the *Kallen* case parallels that made in *Warren*, where the appellate court apparently distinguished between a substantive amendment, where the general rule is applicable, and an amendment which merely substitutes the true name of a defendant who has been sued by a fictitious name. This same distinction was made in *Vickerson* where it was specifically noted that the rule applied in *Kallen* is not controlling in the "situation of a substituted defendant. . . ." (P. 682.)

We are persuaded that the conclusion reached by us is

correct because the type of amendment which here concerns us does not state a new cause of action or change the character of the action, nor does it prejudice the rights of nonresident defendants or constitute action by the trial court which is *functus officio.* ▮ It is established that a defendant named in a complaint by a fictitious name is a party to the action from its commencement and an amendment inserting his true name does not change the original cause of action. (*Farris* v. *Merritt, supra,* 63 Cal. 118, 119; *Austin* v. *Massachusetts Bonding & Insurance Co., supra,* 56 Cal.2d 596, 599.) ▮ Indeed, taking cognizance of an amendment substituting the true name of a defendant sued by a fictitious name gives effectiveness to the policy permitting the designation of parties by fictitious names and complies with the mandatory provisions of the statute so providing. Section 474 specifically provides as follows: "When the plaintiff is ignorant of the name of a defendant, he *must* state that fact in the complaint, . . . and such defendant may be designated in any pleading or proceeding by any name, and *when* his true name is discovered, the pleading or proceeding *must* be amended accordingly; . . ." (Italics added.) ▮ Section 474 does not state how or in what manner such amendment is to be made. It appears, however, that it may be made of course within the time prescribed in section 472, or, otherwise, by leave of court under section 473. (See *Thomasian* v. *Superior Court,* 122 Cal.App.2d 322, 335 [265 P.2d 165].) Whether such amendment conforms to section 474, that is, whether it is made in good faith or is otherwise proper, is, in either event, a matter which rests primarily with the trial court. (*Day* v. *Western Loan & Bldg. Co.,* 42 Cal.App.2d 226, 235 [108 P.2d 702].)

▮ Defendants argue that the power of the trial court to pass upon the propriety of the subject amendment was *functus officio* because jurisdiction to act, except for the limited purpose of determining the motion for change of venue, was suspended by the timely filing of such motion. (See *Pickwick Stages System* v. *Superior Court,* 138 Cal.App. 448, 449 [32 P.2d 433]; *Beard* v. *Superior Court,* 39 Cal.App.2d 284, 286 [102 P.2d 1087].) This rule applies generally where the challenged act deals with the merits of the case and upon matters which should properly be determined by the court of ultimate venue. (*Pfefferle* v. *Lastreto, supra,* 206 Cal.App.2d 575, 580; *City of Oakland* v. *Darbee,* 102 Cal.App.2d 493, 503 [227 P.2d 909]; 1 Witkin, *supra,* § 250, p. 769.) It does not apply to certain ancillary steps authorized by statute or matters inci-

dental to a consideration by the court of the motion to change venue. (*Pfefferle* v. *Lastreto, supra,* p. 580; *City of Oakland* v. *Darbee, supra,* p. 503; *Prendergast* v. *Mitchell-Silliman Co., supra,* 65 Cal.App. 456, 459.) Thus, in *Pfefferle,* a motion to sever the cases of various plaintiffs was held to be incidental to the trial court's determination of the defendants' motion for change of venue; and in *Prendergast,* it was held that while a motion for change of venue is pending, the plaintiff may request the clerk, who is authorized by section 581 to comply therewith, to dismiss the action as to certain defendants. (Cf. *Taaffe* v. *Bloch,* 127 Cal.App. 678 [16 P.2d 303].) The case of *Brady* v. *Times-Mirror Co., supra,* 106 Cal. 56, cited by defendants, is clearly distinguishable. There, after a motion for change of venue was heard and was under consideration, the plaintiff moved the court for leave *to amend* her complaint by dismissing the action against two named nonresident defendants. The motion to amend was granted and thereupon the court denied the motion for change of venue. In reversing the order, the Supreme Court, applying the "frozen facts" doctrine, held that after the motion for a change of the place of trial had been made, "it was not competent for the court to entertain or make an order for the *amendment* of the complaint in the matter of parties, any more than in the matter of substantive averments." (Italics added; p. 61.) The rationale of the opinion was that the amendment called for judicial action which could only be made after the motion was determined, and that if the defendants were entitled to have their motion granted, they were entitled to have such judicial action determined in the superior court of their own county. *Brady* took particular note, however, that the action taken by the plaintiff was not in accordance with section 581 but by way of an order *directing* the plaintiff to *amend* her complaint. ▮ In the instant case there was no motion to *amend* the complaint by removing a party from the action, but a mere substitution of the true name of a party who was in the action from its commencement. This procedure is an ancillary step authorized by section 474 which plaintiff was specifically entitled to avail herself of and which the trial court was required to recognize if the substitution was in conformity with the legal requirements. The determination of the propriety of such substitution was a matter incidental to a consideration by the trial court of the motion for change of venue. If the substitution was made in good faith and was otherwise proper, the trial court was required to consider the residence of the

defendant originally sued by a fictitious name in connection with the motion for change of place of trial; if it was improper, such fictitiously named defendant was to be disregarded in determining such motion.

Turning to the issue of good faith, we first note that in the instant case this issue must be determined in the light of section 474, that is, whether plaintiff's claimed ignorance of the true name of the subject defendant sued by a fictitious name was real at the time she filed her complaint. We must also determine, in light of section 395, plaintiff's good faith in joining the resident defendant.[8]

With respect to the application of section 474 we find nothing in the record which discloses that plaintiff's allegation that she was ignorant of the true name of defendant "Doe Twelve" was not true. It is clear, moreover, that she did have the party sued by such fictitious name in mind when she filed her complaint since she alleged therein that such defendant was a manufacturer, fabricator and distributor of the glass doors in question. ██ The declaration by plaintiff's counsel that he did not ascertain the true name of Libbey until March 25 is uncontradicted. The only attempt to contradict this assertion is that contained in the supplemental declaration filed by Northrop's counsel that he was informed and believed that Libbey was joined solely for the purpose of having the action tried in San Francisco County. This assertion does not serve to establish the facts therein because an affidavit which is to be used as evidence must be positive, direct and not based upon hearsay. Affidavits made upon information and belief as to the facts purporting to be stated therein are hearsay and must be disregarded. (*Riviello* v. *Journeymen Barbers etc. Union,* 88 Cal.App.2d 499, 503 [199 P.2d 400]; *Pelegrinelli* v. *McCloud River etc. Co.,* 1 Cal.App. 593, 597 [82 P. 695]; *Tracy* v. *Tracy,* 213 Cal.App.2d 359, 362 [28 Cal.Rptr. 815].)

██ Adverting to the applicability of the "good faith" provision of section 395, we note that the usual test by which to determine whether a defendant has been joined in good faith is whether or not the complaint states a cause of action against him. (*Taff* v. *Goodman,* 41 Cal.App.2d 771, 776 [107 P.2d 431]; *California Collection Agency* v. *Fontana,* 61 Cal.App.2d 648, 653-654 [143 P.2d 507].) ██ The ques-

---

[8]Section 395 in pertinent part provides: "If any person . . . has been made a defendant solely for the purpose of having the action tried in the county . . . where he resides, his residence must not be considered in determining the proper place for the trial of the action."

tion whether the only resident defendant is improperly joined must be determined from an examination of the pleadings then before the court. Allegations which merely " 'shadow forth the semblance of a cause of action' " against such defendant are proof against assault on the ground that they are sham and frivolous, provided such cause of action is apparently pleaded in good faith and is not prima facie so glaringly and vitally defective as to be beyond correction by amendment. (*Gottesfeld* v. *Richmaid Ice Cream Co.*, 115 Cal.App.2d 854, 856 [252 P.2d 973]; *Dennis* v. *Overholtzer*, 143 Cal.App.2d 606, 608 [299 P.2d 950]; *Russello* v. *Mori*, 153 Cal.App.2d 828, 830 [315 P.2d 343]; *Freeman* v. *Dowling*, 219 Cal. 213, 216 [25 P.2d 980].)

Defendants contend that even if Libbey was properly substituted for a fictitiously named defendant, they are nevertheless entitled to a change of venue because plaintiff's second cause of action does not state a cause of action against Libbey, the only defendant named therein who is alleged to be a resident of San Francisco County.[9]      In urging this contention defendants rely upon the well established rule that when several causes of action are alleged in a complaint a motion for change of venue must be granted on all causes if the moving defendant is entitled to a change on any one. (*Haurat* v. *Superior Court*, 241 Cal.App.2d 330, 333 [50 Cal.Rptr. 520]; *Quick* v. *Corsaro*, 180 Cal.App.2d 831, 835 [4 Cal.Rptr. 674]; *Johnson* v. *Superior Court*, 232 Cal.App.2d 212, 217 [42 Cal.Rptr. 645].) Under this rule defendants are entitled to a transfer to the county of residence of either of them unless San Francisco County is proper as to each count.

Defendants' assertion that the second cause of action does not state a cause of action against Libbey is predicated upon *Greenman* v. *Yuba Power Products, Inc.*, 59 Cal.2d 57 [27 Cal.Rptr. 697, 377 P.2d 897]. That case holds that a manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect which causes injury to a human being. (See also *Vandermark* v. *Ford Motor Co.*, 61 Cal.2d 256, 260-261 [37 Cal.Rptr. 896, 391 P.2d 168].) Defendants contend that the *Greenman* rule does not apply unless the person who is injured is a *user* of the product in question, and that since plaintiff is not alleged to have been a user of the glass doors involved in this case no cause of action

---

[9]Neither movant asserts that a cause of action is not stated against Libbey in the first cause which sounds in negligence.

is stated under the theory of that case. Plaintiff concedes that her second cause of action is predicated, in part, upon the principle announced in *Greenman* and *Vandermark* and asserts that she has pleaded a cause of action under the principle announced in those cases.

A perusal of the allegations of the second cause of action discloses that if the theory relied upon by plaintiff is that delineated in *Greenman* and *Vandermark* the complaint, as to this alleged cause, is inartfully drawn. As pleaded, the second cause of action appears to be predicated upon the theory of breach of an implied warranty for merchantability under the sales act. ▮▮▮ Under the *Greenman* doctrine the rule of strict liability in tort is not based on the law of contract warranties, nor upon the implied warranties of the Sales Act, nor upon negligence. (*Greenman* v. *Yuba Power Products, Inc., supra,* pp. 62-65; *Alvarez* v. *Felker Mfg. Co.,* 230 Cal. App.2d 987, 994 [41 Cal.Rptr. 514].) ▮▮▮ To establish liability under the *Greenman* doctrine it is sufficient that a plaintiff allege and prove that the defendant placed an article on the market, knowing that it was to be used without inspection for defects, that the plaintiff was injured as a result of a defect in the design and manufacture of the article while he was using it in a way it was intended to be used, and that he was unaware that such defect made the article unsafe for its intended use. (*Alvarez* v. *Felker Mfg. Co., supra,* p. 994.) ▮▮▮▮▮ In the instant case all that plaintiff has pleaded, insofar as defendant Libbey is concerned, is that Libbey manufactured, sold, distributed and installed sliding glass doors in the Ojai Valley Inn; that Libbey implied that such doors were merchantable and were fit for the ordinary purpose for which they were sold; that they were not merchantable or fit for such purpose; and that plaintiff was injured when she came in contact with such doors while a guest at the Inn. It is apparent that these allegations do not suffice to plead a cause of action for strict liability in tort. It is doubtful that they suffice to state a cause of action based upon implied warranties of fitness for use and of merchantable quality since it is not alleged that plaintiff was in privity with Libbey, or, at least, that she had the "successive right to the possession and use" of the sliding doors by reason of their being turned over to her by the operators or owners of the Inn. (*Peterson* v. *Lamb Rubber Co.,* 54 Cal.2d 339, 348 [5 Cal.Rptr. 863, 353 P.2d 575]; see this case for a discussion of the meaning of "privity.")

In spite of these deficiencies, however, we cannot say that the complaint does not meet the test set forth in the cases hereinbefore cited; it is not prima facie so glaringly and vitally defective as to be beyond correction by amendment. To the contrary, it does "shadow forth" the semblance of a cause of action against Libbey, either upon the theory of strict liability or that of breach of the implied warranties of fitness for use and merchantable quality. With particular regard to the theory of strict liability, we note that the complaint alleges that the glass doors in question were installed in the common passageway leading into the room which plaintiff occupied and that said doors broke when plaintiff "came into contact with them." This allegation is susceptible of the inference that plaintiff was using such doors. Accordingly, although the allegations of the second cause of action are ineptly pleaded, it cannot be said that said allegations, insofar as they concern Libbey, indicate on their face, and without any showing to the contrary, that Libbey was merely joined for the purpose of retaining venue in San Francisco County.

Turning, finally, to the question of whether Libbey was actually a resident of San Francisco County we note that the record indisputably shows that Libbey has designated such county as its principal place of business in its certificate of qualification prerequisite to its transacting intrastate business in California as required by Corporations Code section 6403. The only showing by defendants as to Libbey's residence is the declaration of the attorney for Northrop that Libbey maintained a "local sales office in San Francisco and has its regional sales office in Los Angeles." This allegation in no way counters or refutes the fact, established by the certificate, as to Libbey's *principal* place of business. Having filed pursuant to Corporations Code section 6403, Libbey's principal place of business has become fixed by law. (*Bohn* v. *Better Biscuits, Inc.*, 26 Cal.App.2d 61, 64-65 [78 P.2d 1177]; see 1 Chadbourn, Grossman, Van Alstyne, Cal. Pleading, § 337, pp. 271, 275-276.) It should be noted here that in *Hardin* v. *San Jose City Lines*, 103 Cal.App.2d 688, 689 [230 P.2d 31], it was held that a domestic corporation cannot defeat the jurisdiction of the court by showing that it had no office or place of business in the county or district designated as its place of business in its articles of incorporation. Since the principal place of business of a domestic corporation and a foreign corporation is fixed by law (*Bohn* v. *Better Biscuits, Inc., supra*, p. 65; Corp. Code, §§ 301, 6403), it would appear that the rule of the *Hardin* case should apply by analogy

where a foreign corporation has filed in accordance with Corporations Code section 6403.

We are not unmindful of the rule announced in *Partch* v. *Adams,* 55 Cal.App.2d 1, 6 [130 P.2d 244], wherein it was held that although a corporation's residence is usually deemed to be where its principal office or place of business, as designated in the articles, is located, "that rule is not of inevitable application." The reviewing court there stated further that "There are many situations in the law where, for purposes of venue and jurisdiction, a corporation has been held to be present in any county where it conducts its operations." (P. 6.) The rationale of the case appears to be that a court can give recognition "to the practical aspects of the situation, refusing to be bound by the mere paper domicile of the corporation." (P. 7.) It is thus apparent that *Hardin,* which did not cite *Partch,* presents a divergent view from that announced in the latter case. Assuming that *Partch* declares the correct rule, it does not affect the instant case because the rule announced in *Partch* applies to a situation where the corporation conducts *no* business in the county which it has designated as its principal place of business. ▮ In the instant case San Francisco County is not merely the "paper domicile" of Libbey, but, as admitted by the declaration of Northrop, Libbey *does* conduct business in San Francisco County. This undisputed fact, when coupled with the uncontroverted fact that Libbey has declared by the appropriate certificate that its principal place of business is in San Francisco County, requires, in the light of provisions of Corporations Code section 6403 and the holding in *Bohn,* that Libbey is, as a matter of law, a resident of such county.[10]

▮ Libbey has filed for the first time on this appeal, an affidavit by its district manager to the effect that in October 1964 Libbey's regional office was moved from San Francisco to Los Angeles and that its San Francisco office then became the District Office for Northern California. We cannot consider this affidavit since it was not presented to or considered by the

---

[10]Although the Supreme Court denied a hearing in *Bohn,* the views therein expressed by the District Court of Appeal were approved in a memorandum opinion accompanying the order of denial. In *Hale* v. *Bohannon,* 38 Cal.2d 458, 474 [241 P.2d 4], the Supreme Court reaffirmed its approval of the holding in *Bohn* that as to foreign corporations which complied with former Civ. Code § 405 such corporations were placed on the same footing under the California Constitution with respect to the applicability of section 395. (See also *Ellis* v. *National Casualty Co.,* 99 Cal.App.2d 77, 79 [221 P.2d 127].)

trial court and we are precluded from considering matters *dehors* the record. (*Dryer* v. *Dryer,* 231 Cal.App.2d 441, 451 [41 Cal.Rptr. 839] ; *People* v. *Croft,* 134 Cal.App.2d 800, 804 [286 P.2d 479] ; *Ehman* v. *Moore,* 221 Cal.App.2d 460, 463 [34 Cal.Rptr. 540].) But even if we could, it is apparent that this affidavit in no way refutes the fact that San Francisco County has been fixed by law as Libbey's principal place of business by Libbey's compliance with Corporations Code section 6403 or that Libbey is conducting business operations in such county. The record is entirely barren of any evidence that the certificate filed by Libbey pursuant to said section has been amended because of a change of its principal place of business as is required by Corporations Code section 6403.3.

Let a peremptory writ of mandate issue.

Sullivan, P. J., and Sims, J., concurred.

The petition of the real party in interest Ojai Hotel Co. for a hearing by the Supreme Court was denied September 28, 1966.