[Civ. No. 24106.   First Dist., Div. Two.   Feb. 20, 1967.]

A. E. MINYARD et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; ALMA HOLT, Real Party in Interest.

Channell & McNamara, William R. Channell, Rutherford & Rutherford and Wesley Rutherford for Petitioners.

No appearance for Respondent.

Hoberg, Finger, Brown & Abramson and Michael P. McCabe for Real Party in Interest.

AGEE, Acting P.J.—Petitioners Minyard and Langer seek a writ of mandate to require respondent superior court to grant their respective motions for change of venue from San Francisco to Napa County. It is clear that Langer's motion should have been granted under the provisions of section 395

of the Code of Civil Procedure. It is therefore unnecessary to discuss the Minyard motion, which is based upon the ground of convenience of witnesses. (Code Civ. Proc., § 397, subd. 3.)

On May 20, 1966 Alma Holt, real party in interest, filed an action for damages for personal injuries in the superior court in San Francisco, alleging that she sustained such injuries on January 18, 1966, in the City of Napa, while riding as a passenger in a taxicab which collided with a pickup truck.

The defendants in the order named in her complaint are: "Yellow Cab Company, a corporation, A. E. Minyard, William Michael Titmus, Charles Langer, First Doe, Second Doe, Third Doe and Fourth Doe."

The complaint alleges that defendant Yellow Cab Company, Minyard, Titmus, First Doe and Second Doe owned and operated the taxicab and that defendants Langer, Third Doe, and Fourth Doe owned the pickup truck and Langer operated it.

Langer relies upon the following provisions of section 395 of the Code of Civil Procedure: "[T]he county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action. If the action be for injury to person . . . either the county where the injury occurs, or where the injury causing death occurs, or the county in which the defendants, or some of them, reside at the commencement of the action, shall be a proper county for the trial of the action."

The proof before the court showed without dispute that the accident happened in Napa County, that Minyard was the owner of the taxicab, that Titmus was its driver and the employee of Minyard, that Langer was the owner and driver of the pickup truck, that at all times pertinent herein these three defendants were residents of Napa County, and that none of the defendants, except Yellow Cab Company, a corporation, were residents of the City and County of San Francisco at any of such times.

With respect to the taxicab, the affidavit of Minyard showed that ever since September 24, 1956, he was the sole owner of "Yellow Cab Co." located at 711 Main Street, in the City of Napa, and operated all Yellow Cabs in the City of Napa; that Yellow Cab Company, a corporation, never did operate or maintain any taxicabs in the City or County of Napa; that the Yellow Cab involved in the accident in question was owned by him and operated by his employee, defendant Titmus.

In addition, the declaration of Robert S. Patterson stated that he is an officer of Yellow Cab Company, a corporation having its principal place of business in the City and County of San Francisco; that his company did not own or operate the Yellow Cab involved in the accident which occurred on January 18, 1966, in the City of Napa; that he is informed and believes that ''Ancel Eugene Minyard, on January 18, 1966, was sole owner of Yellow Cab Co., a fictitious name, operating Yellow Cabs within the City of Napa, in the County of Napa, State of California.''

Without the inclusion of Yellow Cab Company, a corporation, as a defendant there could not possibly be any question that Langer had a clear right to the requested change of venue.

However, the trial court held that it was compelled[1] to deny Langer's motion under the authority of *Gutierrez* v. *Superior Court*, 243 Cal.App.2d 710 [52 Cal.Rptr. 592], because the complaint *on its face* stated a cause of action against Yellow Cab Company, a corporate resident of the City and County of San Francisco.

We do not agree with the lower court that *Gutierrez* is controlling in the instant case. The applicable provision in section 395 is as follows: ''If any person is improperly joined as a defendant, . . .[2] his residence must not be considered in determining the proper place for trial of the action.''

This provision affects two types of situations: (1) where the nonresident moving party claims that no cause of action is alleged against the resident defendant; (2) where the nonresident moving party concedes that a cause of action is for-

---

[1]The following excerpts are from the reporter's transcript of the hearing: ''THE COURT: I do not want the District Court of Appeal to, in effect, suggest to this Court that I am disobeying their orders. I think, respectfully, they were wrong in *Gutierrez*. I think they really changed all the law on venue. But they are the final say. The Supreme Court denied the hearing. And I would be in a position of defying that case, and I will not do it. You cannot distinguish it so far as I am concerned.''
''Now, what is a law and motion judge to do? I have a perfect right to criticize that decision. I do criticize that decision. And I hope that the Supreme Court refused to take it only because they didn't have time. . . . If you can get the District Court of Appeal to explain *Gutierrez* when it is quoted, it would be something good, so far as I am concerned.''

[2]The portion of the sentence which we have deleted reads as follows: ''or has been made a defendant solely for the purpose of having the action tried in the county, city and county, or judicial district where he resides, . . .'' Although the question as to the good faith of plaintiff in including Yellow Cab Company, a corporation, as a defendant was argued below, we see no need to discuss such question in this opinion.

mally alleged against the resident defendant but claims that the cause of action *in reality* does not exist.

The *Gutierrez* case comes within the first type of situation. It was a personal injury action filed in San Francisco. The accident out of which it arose occurred in Ventura County. The only defendant who was a resident of San Francisco was Libbey-Owens-Ford Glass Company, a corporation. The complaint alleged two causes of action.

The moving defendants argued that the second alleged cause of action did not state a cause of action against Libbey and, under the rule that when several causes of action are alleged in a complaint a motion for change of venue must be granted on all causes if the moving defendant is entitled to a change on any one cause, the court was called upon to analyze the allegations of the second cause of action.

It held that the second cause of action did allege a cause of action against Libbey and therefore the motion to change venue from San Francisco to Ventura County was denied.

The instant case comes within the second type of situation described above. That is, Langer concedes that the following allegations of the complaint allege a cause of action against Yellow Cab Company, a corporation: "that at all of said times, defendants Yellow Cab Company, A. E. Minyard, William Michael Titmus, First Doe and Second Doe have owned, operated, maintained and controlled a taxicab business at and about the City of Napa, California, as a common carrier of passengers for hire, and more particularly, owned, operated, maintained and controlled that certain taxicab hereinafter mentioned as such common carrier of passengers for hire." The other charging allegations merely included Yellow Cab Company, a corporation, under the designation of "defendants."

*Karst* v. *Seller*, 45 Cal.App. 623 [188 P. 298], involves the same type of situation as that in the instant case. There the action was filed in Los Angeles and the complaint named Seller, a resident of San Francisco, and Armstrong, a resident of Los Angeles, as codefendants.

Seller's motion for a change of venue from Los Angeles to San Francisco, on the ground of his residence, was granted and plaintiff appealed from the order. The action involved the purchase of a truck by plaintiff under a written contract.

The order was affirmed, the court stating: "We do not think the record on the order before us disproves the existence of a cause of action against Seller and Armstrong, jointly, on

the alleged facts; but such cause of action, if it exists, is a cause of action for damages for fraud and deceit, and not for recovery on rescission of the contract. . . . The action in which the order here appealed from was made is on the rescission, and it is contended—we think rightly—that only the parties to such contract, or those in privity with them, can be joined. While the complaint in this action charges both defendants jointly on the contract, the *record* on the motion for change of venue *discloses* that the contract in question was one between the plaintiff and defendant Seller alone. . . . Under the provisions of section 395 of the Code of Civil Procedure, *supra*, . . . the mere fact that the complaint in this case states a cause of action against Armstrong is not conclusive. It may be shown that *the cause of action stated does not in reality exist.''* (Italics added.)

The same rule was followed in *Lachman Co. v. Central Cal. Berry Growers' Assn.*, 58 Cal.App. 748 [209 P. 379], under very similar facts.

As stated in 1 California Pleading, Chadbourn, Grossman, Van Alstyne, section 373, page 318: "If it is clear . . . that no substantial factual basis exists for the cause of action alleged against the resident defendant, the motion to change venue should be granted. This might be true, for example, where on the basis of facts disclosed in the moving party's affidavits and not denied by the plaintiff it appears as a matter of law that plaintiff cannot prevail; . . .''

Witkin states the rule succinctly: "Although the trial judge will not undertake a premature consideration of the merits of the action (*supra*, § 242), the insufficiency of the case against the resident defendant may appear, incontrovertibly, from undisputed facts.'' (1 Witkin, Cal. Procedure (1954) Actions § 244, pp. 760-761.)

Here there were *no conflicting affidavits* for the court to consider. It was shown incontrovertibly that plaintiff could not prove that defendant Yellow Cab Company, a corporation, had anything whatsoever to do with the accident upon which the action was based. The lower court was required, as a matter of law, to follow the mandate of section 395 that the residence of said corporation "must not be considered in determining the proper place for the trial of the action.''

█ It is not clear whether real party in interest is contending that Langer's memorandum of points and authorities filed with his motion or the affidavit of merits filed in support of such motion was insufficient. The brief of real party in

interest merely makes the following comment: ''It should be noted that the declaration of Mr. Channell [Langer's attorney] is the only attempt on the part of this petitioner to comply with California Code of Civil Procedure, Section 396 [should be § 396b] and California Rules of Court, Rule 203 requiring the moving party to file with the clerk an affidavit of merits and notice of motion with a memorandum of points and authorities to be relied upon, together with proof of service, upon the adverse party of a copy of such papers.''

The record shows compliance with rule 203(a). (See *Kostal* v. *Pullen*, 36 Cal.2d 528, 529-530 [225 P.2d 217].) No objection was made in the court below to the sufficiency of the affidavit of merits and any insufficiency was thus waived. (*Nanny* v. *Ruby Lighting Corp.* (1952) 108 Cal.App.2d 856 [239 P.2d 885]; 1 Witkin, Cal. Procedure (1954) Actions § 257, pp. 778-779.)

Let a peremptory writ issue, directing the lower court to grant petitioner Langer's motion for change of venue.

Taylor, J., and Bray, J.,* concurred.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.