[Civ. No. 14902. First Dist., Div. One. Apr. 23, 1951.]

SALLY HARDIN, Respondent, v. SAN JOSE CITY LINES, INC. (a Corporation) et al., Appellants.

Campbell, Hayes & Custer for Appellants.

Rettig & Dunn for Respondent.

THE COURT.—The petition for a writ of supersedeas alleges that Sally Hardin commenced an action for personal injuries against the San Jose City Lines, Inc., for personal injuries received in an accident in Santa Clara County. The petition discloses that the defendant moved for a change of venue to either Alameda or Santa Clara County, which motion was denied. Defendant has appealed.

The petition avers, and it is conceded that the articles of incorporation of defendant give San Francisco as the principal place of business of the defendant, but avers that this is in error as the corporation does not do business and has no office in San Francisco. This presents at most a disputable question of fact which has been decided adversely by the trial court.

■ In an annotation in 175 American Law Reports 1092 at page 1094, in discussing this precise point it is stated:

"By the weight of authority, if the corporation is sued as a resident of the place designated in its certificate of articles of incorporation as the location of its office or place of business, it cannot defeat the jurisdiction of the court by showing that in fact it has no office or place of business in that county or district."

■ The granting of supersedeas, ". . . is justified only when there is a showing that substantial questions will be presented upon the appeal from the order denying a change of venue." *Walker* v. *Wells Fargo Bank & Union Tr. Co.*, 8 Cal. 2d 447, page 449 [65 P.2d 1299].

We think the rule stated in the annotation is a sound rule and should be followed. The order to show cause and the temporary stay order are both set aside, and the petition for a writ of supersedeas is denied. So ordered.