[No. B081197. Second Dist., Div. Four. June 3, 1994.]

JAIME ROSAS et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
MERCURY CASUALTY COMPANY, Real Party in Interest.

## COUNSEL

LaTorraca & Goettsch, Henry B. LaTorraca and Susan R. Koehler for Petitioner.

No appearance for Respondent.

Hill, Genson, Even, Crandall & Wade, James L. Crandall and Edwin B. Brown for Real Party in Interest.

## OPINION

**EPSTEIN, J.**—In this petition for writ of mandate, petitioners challenge the grant of defendant corporation's motion to change venue. ■ The issue presented is whether a domestic corporation's designation of the location of its "principal business office" in its annual domestic stock corporation statement filed with the Secretary of State conclusively fixes the corporation's "principal place of business" for purposes of venue under Code of Civil Procedure section 395.5. We conclude that it does, and grant the petition.

### FACTUAL AND PROCEDURAL SUMMARY

Petitioners filed this insurance bad faith action against Mercury Casualty Company (Mercury) in the Central District of Los Angeles Superior Court. Mercury moved for change of venue to Orange County on the ground that

Los Angeles is not a proper venue under any of the grounds set forth in Code of Civil Procedure section 395.5. It asserted that the contract was not made or to be performed in Los Angeles County; that the alleged breach or injury did not occur in Los Angeles County; and that its principal place of business is in Brea, in Orange County.

Petitioners opposed the motion, asserting that Mercury's "principal place of business" must be deemed to be Los Angeles County, as a matter of law. Their argument was principally based on Mercury's designation of Los Angeles as its home office in its articles of incorporation; its designation of 4484 Wilshire Boulevard, Los Angeles as the street address of its principal executive office and its principal business office in California on its statement by a domestic stock corporation filed annually with the Secretary of State; and its designation of that same street address as its statutory home office and its main administrative office in its annual statement filed with the Department of Insurance.

Mercury maintained that for the past 11 years, its principal place of business has been in Brea, in Orange County. It explained that "the Los Angeles office was created as a convenience for the major shareholder of the corporation . . . ." It argued that "residence" or corporate "principal place of business" was a question of fact, not one of law.

The trial court found that Mercury's principal place of business was in Orange County, and ordered the matter transferred to that venue. Petitioners seek a writ of mandate directing the court to vacate its order transferring the cause to Orange County and enter a new order denying the motion to transfer.

## Discussion

"A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." (Code Civ. Proc., § 395.5.)[1]

For purposes of venue, a corporation has been deemed bound by its designation of a principal place of business in corporate documents filed

[1]This corporate venue provision was formerly contained in the California Constitution (art. XII, § 16). It was codified as Code of Civil Procedure section 395.5 upon passage of Senate Constitutional Amendment No. 6, June 6, 1972, which removed section 16 from the Constitution. (Stats. 1972, ch. 118, § 4, p. 150.)

with the Secretary of State. For example, in *Hardin* v. *San Jose City Lines* (1951) 103 Cal.App.2d 688, 689 [230 P.2d 31], the court held that a corporation that designates a county as its principal place of business in its articles of incorporation cannot defeat venue in that county by showing that it has no office or place of business there.

In *Gutierrez* v. *Superior Court* (1966) 243 Cal.App.2d 710, 728 [52 Cal.Rptr. 592], a defendant sought to transfer an action from San Francisco, asserting that the situs of the foreign corporate defendant upon which such venue was based was outside that county. The court disagreed, noting that the foreign corporation had designated San Francisco County as its "principal office within this State" in its statement filed with the Secretary of State, as required by Corporations Code former section 6403, subdivision (b).[2] (See now § 2105, subd. (a)(3).) The court held the corporation's filing in accordance with section 6403 had caused its principal place of business to become "fixed by law." (*Ibid.*) The similar rule in *Hardin* regarding a domestic corporation's designation in its articles of incorporation was found applicable by analogy to a foreign corporation's designation in accordance with section 6403. (243 Cal.App.2d at pp. 728-729.)

Mercury claims these cases are obsolete, since the statutory scheme has changed. Former section 301, in effect at the time *Hardin* was decided, required a domestic corporation to set forth in its articles of incorporation "(c) The county in this State where the principal office for the transaction of the business of the corporation is located." That section was repealed (Stats. 1975, ch. 682, § 6, p. 1516) effective January 1, 1977, and was replaced by section 202, which deletes the requirement for a designation of a principal office in the articles of incorporation.

The Legislative Committee comment to section 202 explains the deletion: "Section 301(c) requires a statement in the articles identifying the county within this state where the principal office for the transaction of the business of the corporation is located. This requirement presumably only contemplates a place where process can be served. However, it appears to preclude the incorporation in California of any out-of-state business, since it apparently requires that the 'principal office for the transaction of the business of the corporation' be in some county within the state. [¶] Since the 'principal office' of the corporation may change from time to time there would seem to be little reason to try to freeze this location in the articles. Therefore, this subdivision requires that the name and address of the corporation's initial agent in this state for service of process be specified in accordance with subd. (b) of § 1502."

---

[2]All statutory references are to the Corporations Code unless otherwise stated.

Section 1502, to which the committee directs us, describes the information a corporation must file with the Secretary of State "within 90 days after the filing of its original articles and annually thereafter . . . ." Subdivision (a) requires the corporation's statement to include "(4) the street address of its principal executive office" and "(5) if the address of its principal executive office is not in this state, the street address of its principal business office in this state, if any . . . ."

Section 1502, subdivision (d) sets forth the method for filing information which has changed since the previous statement was filed: "Whenever any of the information required by subdivision (a) is changed, the corporation may file a current statement containing all the information required by subdivisions (a) and (b). In order to change its agent for service of process or the address of the agent, the corporation must file a current statement containing all the information required by subdivisions (a) and (b). Whenever any statement is filed pursuant to this section, it supersedes any previously filed statement and the statement in the articles as to the agent for service of process and the address of the agent." (See also former § 3301, repealed by Stats. 1975, ch. 682, § 6, p. 1516, eff. Jan. 1, 1977.)

The Legislative Committee comment to section 1502 is also informative: "Under prior law information available to the public concerning a corporation is frequently misleading. For instance, prior law requires the articles to state the number of directors but permits the number to be changed by a bylaw. Unless the articles are amended to reflect each change in the authorized number of directors, the public record on that point is misleading. [¶] This section expands the range of information required to be included in the annual statement to provide the public with appropriate and relatively current information."

Sections 202 and 1502 were enacted as part of the same revision of the General Corporation Law in 1975. The committee comments to these two sections, considered together, reflect the Legislature's interest in providing the public with accurate and up-to-date information regarding a corporation. The committee recognized that information contained in the corporation's articles of incorporation, such as the location of the corporation's "principal office" or the number of directors, was subject to change; those changes were not commonly amended into the articles of incorporation. To remedy this problem, the Legislature chose to move the responsibility for providing that information from the articles, which would require amendment, to the annual statement, which could simply show the changes either as they occurred, or at least within a year of their occurrence.

The changes were intended to provide current, and hence more reliable, information in the public record, including information regarding the location of the corporation's principal executive office. Given this purpose, we

find it reasonable to give the same binding force to a corporation's designation of the location of its "principal executive office" in its annual statement (§ 1502, subd. (a)(4)) as was formerly given to its designation of the county of its "principal office for the transaction of the business of the corporation." The basis for the *Hardin* decision therefore remains sound.

Section 6403, the statute relied upon in *Gutierrez,* underwent a similar evolution. Section 6403 required that a foreign corporation file a statement with the Secretary of State setting forth "(a) The location and address of its main office" and "(b) The location and address of its principal office within this State." As part of the revision of the Corporations Code in 1975, that section was replaced with section 2105, which now requires a foreign corporation to file a statement with the Secretary of State stating: "(2) The address of its principal executive office" and "(3) The address of its principal office within this state, if any."

This revision is even less substantive: it merely substitutes "address of its principal executive office" for "location and address of its main office," and "address of its principal office within this state, if any," for "location and address of its principal office within this State." The information required is essentially the same; it affords the same notice to the public as to the location of the foreign corporation's principal offices. This minor revision does not undercut the analysis of the *Gutierrez* decision holding that a foreign corporation's designation of its principal office within this state in its statement filed with the Secretary of State established the corporation's principal place of business for venue purposes as a matter of law.

The significance for venue purposes of a corporation's filing of a statement designating a principal office in this state is illustrated by Code of Civil Procedure section 395.2. That section provides: "If an unincorporated association has filed a statement with the Secretary of State pursuant to Section 24003 of the Corporations Code listing its principal office in this state, the proper county for the trial of an action against such unincorporated association is the same as it would be if the unincorporated association were a corporation and, for the purpose of determining such county, the principal place of business of the unincorporated association shall be deemed to be the principal office in this state listed in the statement." Section 24003 permits an unincorporated association to file with the Secretary of State a statement designating the location and complete address of the association's principal office in California.

"The main purpose of Code of Civil Procedure section 395.2 is to enable unincorporated associations to protect themselves from exposure to suit at

the county of residence of any member by filing a designation of principal office address." (*San Francisco Foundation* v. *Superior Court* (1984) 37 Cal.3d 285, 297 [208 Cal.Rptr. 31, 690 P.2d 1].) Filing of such statement establishes an unincorporated association's right to be treated for venue purposes as if it were a corporation having its principal place of business in the county of the designated principal office address. (*Ibid.*)

In creating this venue provision patterned after the corporations provision, the Legislature chose to rely on the association's address as listed with the Secretary of State to establish the proper county for venue. (Code Civ. Proc., § 395.2; § 24003, subd. (a)(1).) Since such designation establishes the association's principal place of business for venue purposes, then the similar designation by a corporation must be deemed to establish the corporation's principal place of business for venue purposes.

Turning to our case, we note that Mercury designated Los Angeles as its principal place of business in its articles of incorporation, filed January 6, 1961; it designated Los Angeles as its principal executive office and its principal business office in California in its annual statements filed with the Secretary of State in 1992 and 1993; and listed Los Angeles as its "Statutory Home Office," "Main Administrative Office," and "Primary Location of Books and Records" in its annual statement filed with the Department of Insurance in 1992 and its quarterly statement filed in 1993. Having designated Los Angeles as its principal office in these filings with the Secretary of State, and having failed to file any statement to change that designation, Mercury cannot defeat venue based on that designation by showing that its principal place of business is located somewhere else. (See *Hardin* v. *San Jose City Lines, supra,* 103 Cal.App.2d 688, 689; *Gutierrez* v. *Superior Court, supra,* 243 Cal.App.2d 710, 728.)

## DISPOSITION

Let a peremptory writ of mandate issue directing the superior court to vacate its order granting transfer of the cause and to enter a new order denying the motion for transfer. Petitioners are to have their costs.

Woods (A. M.), P. J., and Vogel (C. S.), J., concurred.

The petition of real party in interest for review by the Supreme Court was denied August 18, 1994.